IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SATISH DAT BEAST (Former Client of "Larry Birkhead Attorney" Nancy Hass of Hallendale Beach, Florida as Family Law Attorney), RONALD SATISH EMRIT (Former Client of Paul Gardner, Esquire of Gardner Law Group of Baltimore, Maryland as Entertainment Attorney for Outkast, Mya, Mos Def, Tommy Davidson, and Salahis), GO GO SATISH (Former Client of Thomas Hart, Esquire of On the Potomac of Washington, DC and Holland & Knight, LLP and Entertainment Attorney for Gloria Estefan and James Todd Smith also known as LL Cool J), <br><br> Plaintiffs, <br><br> vs. <br><br> SNOOP DOGGY DOGG (Marijuana Smoker named Calvin Broadus), SNOOP DOGGY DOG BOWL IN ARIZONA, THE RACIST STATE OF ARIZONA (The Only State Which Did not Approve of the Holiday for the Reverend Dr. Martin Luther King, Junior), NBC, COMCAST, NBC UNIVERSAL, VIVENDI UNIVERSAL, PEACOCK, UNITED STATES OLYMPIC COMMITTEE (USOC), MIKE TIRICO, CRIS COLLINSWORTH, SUNDAY NIGHT FOOTBALL, ROGER | CIVIL NO. 26-00006 HG-WRP <br><br> FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES OR COSTS AS MOOT |

1

GOODELL, NATIONAL
FOOTBALL LEAGUE (NFL),
KENDRICK LAMAR, JAY-Z, DR.
DRE, ICE CUBE, ESTATE OF
EAZY E "ERIC WRIGHT," SUPER
BOWL HALFTIME SHOW, BAD
BUNNY,

          Defendants.

### FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT

On January 6, 2026, Plaintiffs "Satish Dat Beast (Former Client of 'Larry Birkhead Attorney' Nancy Hass of Hallendale Beach, Florida as Family Law Attorney), Ronald Satish Emrit (Former Client of Paul Gardner, Esquire of Gardner Law Group of Baltimore, Maryland as Entertainment Attorney for Outkast, Mya, Mos Def, Tommy Davidson, and Salahis), and Go Go Satish (Former Client of Thomas Hart, Esquire of On the Potomac of Washington, DC and Holland & Knight, LLP and Entertainment Attorney for Gloria Estefan and James Todd Smith also known as LL Cool J[)]" (collectively, Plaintiff[1]), proceeding without counsel, filed a complaint (Complaint) against "Snoop Doggy Dogg (Marijuana Smoker named Calvin Broadus), Snoop Doggy Dog Bowl in

---

[1] Although there are three named plaintiffs, the complaint suggests that the second and third plaintiffs are the "same person" as the first plaintiff. See Complaint, ECF No. 1 at 7 ("[t]he second plaintiff is essentially the same person as the first plaintiff" and "[t]he third plaintiff is also the stage name for the first plaintiff") Accordingly, the Court will refer to him as "Plaintiff" rather than "Plaintiffs."

2

Arizona, The Racist States of Arizona (The Only State Which Did not Approve of the Holiday for the Reverend Dr. Martin Luther King, Junior), NBC, Comcast, NBC Universal, Vivendi Universal, Peacock, United States Olympic Committee (USOC), Mike Tirico, Cris Collinsworth, Sunday Night Football, Roger Goodell, National Football League (NFL), Kendrick Lamar, Jay-Z, Dr. Dre, Ice Cube, Estate of Easy E 'Eric Wright,' Super Bowl Halftime Show, [and] Bad Bunny" (collectively, Defendants).  See Complaint, ECF No. 1.

Plaintiff alleges claims for public nuisance, industrial espionage, intentional infliction of emotional distress (IIED), and tortious interference with business relations/contracts.  See id. ¶¶ 60-66.  Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Application).  See Application, ECF No. 2.  For the reasons stated below, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED without leave to amend and that Plaintiff's Application be DENIED as moot.[2]

**I.     Screening**

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss [a § 1915(a)] complaint that fails to state a claim). Additionally, the Court liberally construes a pro se complaint. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. See Pliler v. Ford, 542 U.S. 225, 231 (2004); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

    Plaintiff's Complaint asserts the following counts: (1) public nuisance; (2) industrial espionage; (3) IIED; and (4) tortious interference with business relations/contracts. See Complaint, ECF No. 1 ¶¶ 60-66. Plaintiff's claim for public nuisance is based on the allegation that Defendant Snoop Doggy Dogg is a public nuisance because "he is a marijuana smoker and former gangster rapper" and because he "is not on the level of Martin Luther King, Junior." See id. ¶¶ 60-61. Plaintiff's industrial espionage claim does not have any factual allegations and rather argues: "While the tort of industrial espionage is usually connected to misappropriation of a trademark, trade secret, or patent involving intellectual property, . . . [it] should include ideas such as excessive advertising, subliminal

4

messaging, and spying on consumers with artificial intelligence[.]" Id. ¶ 64. His IIED claim asserts in its entirety: "The plaintiff argues that it is both extreme and outrageous and egregious for NBC, Comcast, Peacock, and NBC Universal to constantly promote a marijuana smoker and former gangster rapper as being some type of an [sic] historical figure on the level of Martin Luther King, Junior when Snoop Doggy Dogg is clearly NOT on the level of Martin Luther King, Junior or Thurgood Marshall." Id. ¶ 65. Finally, Plaintiff's tortious interference with business relations/contracts claim asserts that "the promotion of marijauan [sic] smokers and former gangster rappers such as Snoop Doggy Dogg interferes with the careers of other African Americans who do not want marijuana smokers or gangster rappers like Snoop Doggy Dogg, Dr. Dre, or Kendrick Lamar being treated by NBC like the Reverend Dr. Martin Luther King, Junior or Thurgood Marshall." Id. ¶ 66.

A court may dismiss a claim as frivolous if the facts alleged are "clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Id. at 33. Based on a review of the entire Complaint, the Court FINDS that Plaintiff's allegations and claims are "factually frivolous." Accordingly, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED.

As to whether leave to amend the Complaint should be permitted, the Ninth Circuit has explained that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted). Because Plaintiff's allegations are factually frivolous, the Court FINDS that it is "absolutely clear" that no amendment will cure the defects in Plaintiff's Complaint. Therefore, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED without leave to amend.

## II.  Application to Proceed in District Court Without Prepaying Fees or Costs

Insofar as this Court finds and recommends that Plaintiff's Complaint be dismissed without leave to amend, it also FINDS and RECOMMENDS that Plaintiff's Application be DENIED as moot.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court:

- DISMISS the Complaint, ECF No. 1, without leave to amend; and
- DENY the Application, ECF No. 2, as moot.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 11, 2026.



Wes Reber Porter
United States Magistrate Judge

Satish Dat Beast, Ronald Satish Emrit, Go Go Satish v. Snoop Doggy Dogg, et. al, Civ. No. 26-00006 HG-WRP; FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT.